# EXHIBIT A

**LAW OFFICE OF J. CONOR CORCORAN, P.C.**
**J. Conor Corcoran, Esquire**
**Identification No. 89111**
**2601 Pennsylvania Avenue**
**Suite 501**
**Philadelphia, PA  19130**
**P: (215) 735-1135**
**F: (215) 735-1175**
**E: conor@jccesq.com**



*Filed and Attested by the
Office of Judicial Records
06 MAR 2023 02:30 pm
E. HAURIN*

**Attorney for Plaintiffs**

---

Beverly Cooper, Individually, and as Admin.
of the Estate of Carl M. Cooper, Deceased,

                    Plaintiffs,

          v.

John Wetzel, Jamie Sorber, Dr. Stephen Weiner,
Commonwealth of Pennsylvania, and
Wellpath, LLC,

                    Defendants.

---

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
CIVIL TRIAL DIVISION

NOVEMBER TERM, 2022
NO. 2317

| To Defendants Wetzel, Sorber, Weiner, Comm. of Pa., and Wellpath: |
|---|
| You have twenty (20) days to respond to the Complaint against you enclosed within, or a judgment may be entered against you. |
| J. Conor Corcoran<br>Attorney for Plaintiff |

## COMPLAINT - NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney, and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE, IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Assoc.
Lawyer Referral & Information
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 221102317

**AVISO**

Le ban demandado a usted en la courte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene viente (20) dias de plaza al partir de la fecha de la demanda y la notification. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defenses o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demands en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandanto y requiere que usted cumpla con todas las provisiones do esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIA-
TAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL
DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA
EN PERSONA O LLAME FOR TELEFONO A LA OFICINA
CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO
PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR
ASISTENCIA LEGAL.
ASOCIACION DE LICENDIADOS DE FILAFELFIA SERVICIO DE REFERENCIA E
INFORMACION LEGAL

One Reading Center
Filadelfia, Penna. 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 221102317

**LAW OFFICE OF J. CONOR CORCORAN, P.C.**
**J. Conor Corcoran, Esquire**
**Identification No. 89111**
**2601 Pennsylvania Avenue**
**Suite 501**                                          **Attorney for Plaintiffs**
**Philadelphia, PA  19130**
**P: (215) 735-1135**
**F: (215) 735-1175**
**E: conor@jccesq.com**

---

Beverly Cooper, Individually, and as Admin.          PHILADELPHIA COUNTY
of the Estate of Carl M. Cooper, Deceased,           COURT OF COMMON PLEAS
                                                     CIVIL TRIAL DIVISION

                    Plaintiffs,
                                                     NOVEMBER TERM, 2022
            v.                                       NO. 2317

John Wetzel, Jamie Sorber, Dr. Stephen Weiner,
Commonwealth of Pennsylvania, and
Wellpath, LLC,

                    Defendants.

---

> To Defendants Wetzel, Sorber, Weiner, Comm. of Pa., and Wellpath:
>
> You have twenty (20) days to respond to the Complaint against you enclosed within, or a judgment may be entered against you.
>
> J. Conor Corcoran
> Attorney for Plaintiff

## COMPLAINT

     Plaintiffs, Beverly Cooper, individually and as Administrator of the Estate of Carl M. Cooper, Deceased, and the Estate of Carl M. Cooper, by and through their undersigned counsel, the Law Office of J. Conor Corcoran, P.C., respectfully submit this Complaint against the above captioned Defendants, and in support thereof aver as follows:

## Parties

1.    Plaintiff, Beverly Cooper, Individually and as Administrator of the Estate of Carl M. Cooper, Deceased, is an adult individual residing at 612 E. Mt. Airy Avenue, Apt. #1, Philadelphia, PA 19119.  At any and all times relevant herein, Plaintiff Beverly Cooper is and was the sister of Carl M. Cooper, (hereinafter "the Decedent") as further set forth at length *infra*.

2.    Plaintiff Estate of Carl M. Cooper is an estate currently being administered by Plaintiff Beverly Cooper, *supra*, and/or currently being administered with a principal place of business located at 612 E. Mt. Airy Avenue, Apt. #1, Philadelphia, PA 19119.

3.    Defendant John Wetzel (hereinafter "Wetzel") is an adult individual and/or resident of the Commonwealth of Pennsylvania with a principal place of business currently located at the Philadelphia Department of Prisons, 7901 State Road, Philadelphia, PA 19136, and at any and all times relevant herein, is and/or was an employee of the Commonwealth of Pennsylvania,

Department of Corrections, where he is and/or was employed as the Secretary of Corrections, and is being sued in his individual capacity.

4.      Defendant Jamie Sorber (hereinafter "Sorber") is an adult individual and/or resident of the Commonwealth of Pennsylvania with a principal place of business located at SCI Phoenix, 1200 Mokychic Road, Collegeville, PA 19426, and at any and all times relevant herein, is and/or was an employee of the Commonwealth of Pennsylvania, Department of Corrections, where he is and/or was employed as the Superintendent of SCI Phoenix, and is being sued in his individual capacity.

5.      Defendant Dr. Stephen Weiner (hereinafter "Weiner") is an adult individual and/or resident of the Commonwealth of Pennsylvania with a principal place of business located at SCI Phoenix, 1200 Mokychic Road, Collegeville, PA 19426, and at any and all times relevant herein, is and/or was a physician licensed to practice in the Commonwealth of Pennsylvania, and in fact did so and/or supervised the practice of medicine at SCI Phoenix's medical facilities, and/or was an employee of the Commonwealth of Pennsylvania, Department of Corrections, where he is and/or was employed as the chief physician at SCI Phoenix, where he provided to, and/or supervised medical care and treatments for, incarcerated individuals living therein, including but not limited to Plaintiff's Decedent, and is being sued in his individual capacity.

6.      Defendant Commonwealth of Pennsylvania and/or its Department of Corrections (hereinafter "Defendant Commonwealth") is a Commonwealth, state, political subdivision, governmental entity and/or state administrative agency and/or executive office branch, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business located at SCI Phoenix, 1200 Mokychic Road, Collegeville, PA 19426 and/or 1920 Technology Parkway, Mechanicsburg, PA 17050.

7.      Defendant Wellpath, LLC (hereinafter "Wellpath") is a Kansas limited liability company duly registered to do business in the Commonwealth of Pennsylvania c/o Corporate Creations Network, Inc., 1001 State Street, Suite 1400, Erie, PA 16501, headquartered at 3340 Perimeter Hill Drive, Nashville, TN 37211, and at any and all times relevant herein, is and was regularly conducting business at SCI Phoenix, 1200 Mokychic Road, Collegeville, PA 19426, and/or 600 N. 12th Street, Suite 100, Lemoyne, PA 17043, providing medical care and treatments to incarcerated individuals living therein, including but not limited to Plaintiffs' Decedent.

## Facts

8.      On December 26, 2020, Carl M. Cooper, the Decedent herein, had been incarcerated for approximately thirty-seven (37) years, most recently at SCI Phoenix, 1200 Mokychic Drive, Collegeville, PA 19426, when he was killed by dual exposure to both the Covid-19 virus and pneumonia, according to the Pa. Dept. of Health death certificate attached hereto and incorporated herein as Exhibit A.

9.      As of December 26, 2020, all Defendants knew or had reason to know that Carl M. Cooper was at risk for catching the Covid-19 virus and/or pneumonia and/or dying from the same, given that incarcerated people were catching the Covid-19 virus at a rate approximately three (3) times that of the general public in Pennsylvania, during the Covid-19 pandemic that began in approximately March of 2020.

10.     As of December 26, 2020, all Defendants knew or had reason to know that Carl M. Cooper was at risk for catching the Covid-19 virus and/or pneumonia and/or dying from the same, given Carl M. Cooper's personal medical history and/or then current medical condition and/or established medical record of comorbidities developed over the course of his 37 years of incarceration, including but not limited to chronic obstructive pulmonary disorder, Hepatitis C, and severe emphysema.

11.     Since the onset of the pandemic in March of 2020, and by the time of his death on December 26, 2020, Carl M. Cooper was approximately the 90th person to be killed by the Covid-19 virus in the Defendants' prisons, and was certainly not the first death from the Covid-19 virus at SCI Phoenix by that time, thereby establishing Defendants' individual and/or collective, pre-existing knowledge that Carl M. Cooper was at risk and/or particularly deserving of isolation and/or medical treatment (preventative, or otherwise), given his aforementioned comorbidities, conditions and/or his age (71 years old at the time of his death.)

12.     Upon information and belief, the death of Carl M. Cooper was an entirely preventable tragedy, given all Defendants' preexisting knowledge of his personal medical condition and/or comorbidities and/or age, the dangers presented by the Covid-19 virus to prisoners like Carl M. Cooper, and their own explicit knowledge of a prison health care system desperately in need of immediate repair, particularly in light of the Covid-19 pandemic and its disproportionate infection rates and/or death rates amongst incarcerated people, like the Plaintiffs' Decedent herein.

13.     At any and all times relevant herein, as of the death of Carl M. Cooper on December 26, 2020, Defendants were individually and/or collectively responsible for the provision of medical care to Carl M. Cooper, but whatever medical care that was provided to him (or, in the alternative, withheld from him) failed to meet the standards of proper medical care for incarcerated individuals like Carl M. Cooper, including but not limited to isolation from other inmates.

14.     Despite the Defendants' explicit knowledge of his age and/or comorbidities, Carl M. Cooper was nonetheless forced to bunk with another incarcerated person and/or otherwise exposed to other incarcerated people and/or prison employees and/or other third parties, as a consequence of which Carl M. Cooper contracted the Covid-19 virus and/or pneumonia, and subsequently died on December 26, 2020.

15.     In this fashion, Defendants individually and/or collectively failed to provide adequate medical care and/or isolation for Carl M. Cooper, which killed him on December 26, 2020.

16.     At any and all times material hereto, Defendant(s) was/were responsible for adopting and enforcing rules, policies, procedures, orders and/or directives regarding the provision of medical care to, and/or the isolation of, incarcerated individuals like Carl M. Cooper.

17.     Despite these clear, aforementioned rules, policies, procedures, orders and/or directives possessed by the Defendant(s) as of December 26, 2020, said Defendant(s) failed to comply with such common sense, life saving regulations, which killed Carl M. Cooper on December 26, 2020.

18.     As a direct and proximate result of the Defendant(s)' failure to provide adequate medical care and/or isolation, Carl M. Cooper suffered a severe bodily injury (namely, a Covid-19 viral infection, and pneumonia) which caused and/or contributed to his death.

Case ID: 221102317

19.     As a direct and proximate result of the Defendant(s)' failure to provide adequate medical care and/or isolation, Carl M. Cooper suffered severe physical pain and trauma, conscious pain and suffering, and mental anguish up until the time of his death on or about December 26, 2020.

20.     As a direct and proximate result of the Defendant(s)' failure to provide adequate medical care and/or isolation, Carl M. Cooper suffered a permanent diminution of his ability to enjoy life and life's pleasures.

21.     The individual and/or collective actions and/or inactions of Defendant(s) herein, as aforementioned, directly and proximately caused the injuries and damages and death suffered by the Plaintiffs' Decedent, and were not due to any acts and/or omissions of Decedent, Carl M. Cooper.

22.     The unreasonable and unjustifiable actions and/or inactions of Defendants herein, as aforementioned, were substantial factors in causing the serious bodily injuries sustained by the Plaintiffs and/or their decedent, Carl M. Cooper, including but not limited to pain, suffering, agony, anxiety, mental anguish, disability, mental disturbance, loss of life's pleasures, loss of well being, loss of companionship, and/or death.

23.     Plaintiffs are not asserting any federal claims or federal causes of action against any Defendant or Defendants in this instant, above captioned matter, and Plaintiffs notified Defendant Commonwealth herein of their state claims via correspondence dated February 24, 2021, a true and correct copy of which is attached hereto and incorporated herein as Exhibit B.

## COUNT I
## WRONGFUL DEATH
## PLAINTIFFS v. DEFENDANTS WETZEL, SORBER, & WEINER

24.     Plaintiff(s) hereby incorporate averments 1 through 23, *supra*, as though fully set forth herein at length.

25.     Plaintiff Beverly Cooper is/was the sister of the Decedent, and therefore has the right to bring this cause of action against Defendants Wetzel, Sorber, & Weiner, on behalf of the Decedent, and/or herself, and this action is brought on behalf of the Decedent, Carl M. Cooper, and the Plaintiff.

26.     The Plaintiff brings this action as the personal representative of the Decedent's Estate pursuant to 42 Pa.C.S.A. §8301(d).

27.     The person(s) entitled to recover damages for Wrongful Death are the Plaintiff, Beverly Cooper, and/or the Decedent's Estate, as Plaintiff Beverly Cooper is the only surviving sibling of the Decedent (who was neither married nor had any children), and their parents have been long since deceased.

28.     The Plaintiffs demand all lawful damages for the wrongful death of Carl M. Cooper for all persons entitled to recover such damages, including damages for medical expenses, expenses of estate administration, the loss of expected pecuniary contributions of the decedent, and the loss of decedent's care, comfort, companionship, society, consortium, guidance and tutelage.

29.     Defendants Wetzel, Sorber, & Weiner's actions and/or inactions, as set forth in averments 1 through 28 *supra*, were so outrageous and/or evidenced a reckless indifference to the rights of another, such as Carl M. Cooper, that the imposition of punitive damages is warranted.

WHEREFORE, the Plaintiffs demands judgment in their favor and against Defendants Defendants Wetzel, Sorber, & Weiner, and claim of said Defendants a sum in excess of Fifty Thousand Dollars ($50,000) in compensatory and punitive damages, with lawful interest thereon, damages pursuant to Rule 238, and costs of suit.

## COUNT II
## SURVIVAL ACTION
## PLAINTIFFS v. DEFENDANTS WETZEL, SORBER, & WEINER

30.     Averments 1 through 29 are hereby incorporated as though fully set forth herein at length.

31.     Plaintiff brings this action on behalf of the Estate of Carl M. Cooper pursuant to the Pennsylvania Survival Act, 42 Pa.C.S.A. § 8302, and claims on behalf of the Estate all damages recoverable by law, including but not limited to damages for the Decedent's pain and suffering.

32.     Defendants Wetzel, Sorber, & Weiner's actions and/or inactions, as set forth in averments 1 through 31 *supra*, were so outrageous and/or evidenced a reckless indifference to the rights of another, such as Carl M. Cooper, that the imposition of punitive damages is warranted.

WHEREFORE, the Plaintiffs demands judgment in their favor and against Defendants Wetzel, Sorber, & Weiner, and claim of said Defendants a sum in excess of Fifty Thousand Dollars ($50,000) in compensatory and punitive damages, with lawful interest thereon, damages pursuant to Rule 238, and costs of suit.

## COUNT III
## WRONGFUL DEATH
## PLAINTIFFS v. DEFENDANTS COMMONWEALTH & WELLPATH

33.     Plaintiff(s) hereby incorporate averments 1 through 32, *supra*, as though fully set forth herein at length.

34.     Plaintiff Beverly Cooper was the daughter of the Decedent, and therefore has the right to bring this cause of action against Defendants Commonwealth and/or Wellpath, on behalf of the Decedent, and/or herself, and this action is brought on behalf of the Decedent, Carl M. Cooper, and the Plaintiff.

35.     The Plaintiff brings this action as the personal representative of the Decedent's Estate pursuant to 42 Pa.C.S.A. §8301(d).

36.     The person(s) entitled to recover damages for Wrongful Death are the Plaintiff, Beverly Cooper, and/or the Decedent's Estate, as Plaintiff Beverly Cooper is the only surviving sibling of the Decedent (who was neither married nor had any children), and their parents have been long

Case ID: 221102317

since deceased.

37.     The Plaintiff demands all lawful damages for the wrongful death of Carl M. Cooper for all persons entitled to recover such damages, including damages for medical expenses, expenses of estate administration, the loss of expected pecuniary contributions of the decedent, and the loss of decedent's care, comfort, companionship, society, consortium, guidance and tutelage.

38.     Defendants Commonwealth and/or Wellpath's actions and/or inactions, as set forth in averments 1 through 37 *supra*, were so outrageous and/or evidenced a reckless indifference to the rights of another, such as Carl M. Cooper, that the imposition of punitive damages is warranted.

        WHEREFORE, the Plaintiffs demands judgment in their favor and against Defendants Commonwealth and/or Wellpath, and claim of said Defendants a sum in excess of Fifty Thousand Dollars ($50,000) in compensatory and punitive damages, with lawful interest thereon, damages pursuant to Rule 238, and costs of suit.

### COUNT IV
### SURVIVAL ACTION
### PLAINTIFFS v. DEFENDANTS COMMONWEALTH & WELLPATH

39.     Averments 1 through 38 are hereby incorporated as though fully set forth herein at length.

40.     Plaintiff brings this action on behalf of the Estate of Carl M. Cooper pursuant to the Pennsylvania Survival Act, 42 Pa.C.S.A. § 8302, and claims on behalf of the Estate all damages recoverable by law, including but not limited to damages for the Decedent's pain and suffering.

41.     Defendants Commonwealth and/or Wellpath's actions and/or inactions, as set forth in averments 1 through 40 *supra*, were so outrageous and/or evidenced a reckless indifference to the rights of another, such as Carl M. Cooper, that the imposition of punitive damages is warranted.

        WHEREFORE, the Plaintiffs demands judgment in their favor and against Defendants Commonwealth and/or Wellpath, and claim of said Defendants a sum in excess of Fifty Thousand Dollars ($50,000) in compensatory and punitive damages, with lawful interest thereon, damages pursuant to Rule 238, and costs of suit.

### COUNT V
### NEGLIGENCE, NEGLIGENT HIRING, AND NEGLIGENT SUPERVISION
### PLAINTIFF v. ALL DEFENDANTS

42.     Plaintiff hereby incorporates averments 1 through 41 as though fully set forth herein at length.

43.     The aforesaid individual and/or collective actions and/or inactions of Defendant(s), concerning the failure to provide adequate medical care, and/or the failure to isolate him in SCI Phoenix to prevent a Covid-19 viral infection and/or pneumonia, was/were caused as a direct and proximate result of the recklessness, carelessness and/or negligence of Defendant(s), by and through their agents, servants, workmen, employees, and/or

Case ID: 221102317

independent contractors, and consisted of the following:

    a.    Failing to protect Carl M. Cooper from injuries caused by the Covid-19 virus and/or pneumonia;

    b.    Failing to staff SCI Phoenix with adequately trained and equipped guards and/or building maintenance staff and/or personnel, and/or failure to hire a competent medical provider within SCI Phoenix;

    c.    Failing to provide guards and/or maintenance staff and/or cleaning staff capable of maintaining a reasonably safe environment;

    d.    Failing to ensure that the dangerous conditions described above were properly addressed and/or corrected and/or prevented;

    e.    Failure to exercise due care with regard to the maintenance, inspection, care, custody and/or control of SCI Phoenix;

    f.    Failure to exercise due care with regard to the provision of medical care to Carl M. Cooper;

    g.    Failing to protect the rights and safety of Carl M. Cooper;

    h.    Creating, permitting and/or allowing to exist a foreseeable risk of harm to the Carl M. Cooper; and,

    i.    Failing to exercise due care with regard to the safety of Carl M. Cooper as it relates to viral infection and/or pneumonia in a prison such as SCI Phoenix;

    j.    Defendant(s)' actions and/or failures to act, as aforementioned, were malicious, wanton, willful, oppressive, and/or exhibited a reckless indifference to the rights of others such as Carl M. Cooper, and/or were in reckless disregard of the safety of others such as Carl M. Cooper, and/or were done knowing or having reason to know of preexisting problems with the medical system and/or residential facilities inside SCI Phoenix, which would lead a reasonable person to realize, not only that such conduct creates an unreasonable risk of physical harm to another such as Carl M. Cooper, but also that such risk is substantially greater than that which is necessary to make such conduct simply negligent.

44.    As a direct and proximate result of the aforesaid negligence of the Defendant(s), Carl M. Cooper suffered *inter alia* severe and/or permanent injuries to his body, and other injuries either known or unknown at this time.

45.    As a direct and proximate result of the aforesaid negligence of the Defendant(s), Carl M. Cooper suffered *inter alia* severe aches and pains, mental anxiety, anguish, pain, suffering, and death.

46.    As a direct and proximate result of the aforesaid negligence of Defendant(s), Plaintiff

Case ID: 221102317

has suffered physical pain and mental anguish and humiliation and may continue to suffer the same for an indefinite period of time in the future, anticipating as she did, that her relationship with her brother would continue, but for the actions and/or inactions of Defendant(s) herein.

47.     As a direct and proximate result of the aforesaid negligence of Defendant(s), Carl M. Cooper and/or Plaintiff herein has/have been prevented from attending to usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to his and/or her great detriment and loss.

        WHEREFORE, Plaintiffs demands judgment in their favor and against the Defendants, individually and/or collectively and/or jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000) in compensatory and punitive damages with lawful interest thereon and costs of suit and any other relief deemed appropriate.

## COUNT VI
## NEGLIGENCE - MEDICAL MALPRACTICE
## PLAINTIFFS V. DEFENDANTS COMMONWEALTH, WEINER, AND WELLPATH

48.     Plaintiffs hereby incorporates by reference paragraphs 1 through 47 of this Complaint as if they were set forth in their entirety herein.

49.     At all times material hereto, Defendants Commonwealth, Weiner and/or Wellpath, by and through their partners, joint venturers, agents, servants, and/or employees, held themselves out to the public in general and, in particular, to Carl M. Cooper, as a health care entity and/or entities providing skilled and competent medical services, care and/or attention to patients like Carl M. Cooper in need of its' and/or their services.

50.     At all times material hereto, Carl M. Cooper was under the medical care and treatment of Defendants Commonwealth, Weiner and/or Wellpath, and/or their partners, joint venturers, agents, servants, independent contractors and/or employees of said Defendant(s).

51.     At all times material hereto, Defendant Dr. Weiner conducted his practice with and through Defendants Commonwealth and/or Wellpath, and together with the partners, joint venturers, agents, servants, independent contractors and/or employees of Defendants Commonwealth and/or Wellpath, provided medical care to Carl M. Cooper (or failed to do so, as the case may be, as aforementioned at length *supra*.)

52.     At all times material hereto, Carl M. Cooper was under the medical care and treatment of Defendants Commonwealth, Weiner and/or Wellpath, and/or the partners, joint venturers, agents, servants, independent contractors and/or employees of Defendants Commonwealth, Weiner and/or Wellpath.

53.     Throughout Carl M. Cooper's treatment at SCI Phoenix, Defendants Commonwealth, Weiner and/or Wellpath should have isolated Carl M. Cooper and/or exercised preventative and/or prophylactic measures to protect him from a Covid-19 infection and/or pneumonia, but did not do so at any time and, in fact, knowingly allowed him to be exposed to an infected inmate and/or third party, and/or increased the risk of such harm that he would be exposed to an

Case ID: 221102317

infected inmate and/or third party, despite pre-existing knowledge of both his comorbidities, age and/or medical condition.

54.     The carelessness and negligence of Defendants Commonwealth, Weiner, and/or Wellpath, individually, collectively, and/or by and through their individual and/or joint partners, joint venturers, agents, servants, independent contractors, workmen and/or employees of Defendants Commonwealth, Weiner, and/or Wellpath, consists of:

a. Failing to recognize that Carl M. Cooper's symptoms warranted further investigation and evaluation, and failing to perform said further investigation and evaluation;

b. Failing to timely and properly interpret the significance of the symptomatology Carl M. Cooper presented with;

c. Failing to exercise reasonable care in the prevention of and/or monitoring, examination, diagnosis and treatment of Carl M. Cooper's Covid-19 viral infection and/or pneumonia;

d. Failing to prevent and/or timely and properly treat Carl M. Cooper's Covid-19 infection and/or pneumonia and/or other injuries, including but not limited to the proper prevention and/or amelioration thereof;

e. Failing to timely and properly order and/or perform necessary and appropriate preventative and/or diagnostic procedures and testing to ascertain the nature and extent of Carl M. Cooper's condition;

f. Employing inadequate and inappropriate techniques and procedures in the care and treatment of Carl M. Cooper, including but not limited to the failure to isolate him from other infected inmates and/or third parties;

g. Failing to timely consult with, and/or refer, Carl M. Cooper to the appropriate specialists skilled in the diagnosis and treatment of sickness and/or injuries such as those presented by Carl M. Cooper;

h. Failing to timely and properly perform or obtain the necessary, thorough, complete and appropriate examination and laboratory or other diagnostic studies;

i. Failing to order and/or perform the appropriate medical and/or surgical intervention to treat and remedy Carl M. Cooper's condition; and,

j. Failing to properly observe and monitor Carl M. Cooper's condition; and,

k. Failing to properly isolate Carl M. Cooper to prevent a Covid-19 viral infection and/or pneumonia, given his age and/or comorbidities and/or preexisting medical condition.

55.     As a direct and proximate result of the carelessness and negligence of the Defendants Commonwealth, Weiner and/or Wellpath, there was a delay in the treatment of Carl M. Cooper's illness(es) and/or injuries, as a result of which Carl M. Cooper's chances for a complete recovery therefrom were greatly reduced and/or eradicated and/or rendered far more difficult to achieve than necessary.

56.     The carelessness and negligence of Defendants Commonwealth, Weiner and/or Wellpath, individually and/or collectively and/or by and through their partners, joint venturers, agents, servants,

Case ID: 221102317

workmen, independent contractors, employees and/or ostensible partners, ostensible joint venturers, ostensible agents, ostensible servants and/or ostensible employees, was the direct and proximate cause of the injuries and damages that Carl M. Cooper suffered as more particularly described *supra*.

57.     The carelessness and negligence of Defendants Commonwealth, Weiner and/or Wellpath, individually, collectively and/or by and through their partners, joint venturers, agents, servants, employees and/or ostensible partners, ostensible joint venturers, ostensible agents, ostensible servants and/or ostensible employees, increased the risk of harm to Carl M. Cooper as well as resulted in the injuries and damages which Carl M. Cooper suffered as more particularly described *supra*.


        WHEREFORE, Plaintiffs demands judgment in their favor and against Defendants Commonwealth, Weiner and/or Wellpath, individually and/or collectively and/or jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000) in compensatory and punitive damages with lawful interest thereon and costs of suit and any other relief deemed appropriate.

<u>**JURY TRIAL DEMANDED**</u>


                              Respectfully Submitted,

                              LAW OFFICE OF J. CONOR CORCORAN, P.C.

Date:   March 6, 2023

                    By:       J. Conor Corcoran, Esquire
                              2601 Pennsylvania Avenue
                              Suite 501
                              Philadelphia, PA 19130
                              T:  (215) 735-1135
                              F:  (215) 735-1175
                              E:  conor@jccesq.com
                              *Attorney for Plaintiffs*

## <u>VERIFICATION</u>

I, J. Conor Corcoran, hereby verify that I am counsel for the Plaintiffs in the above captioned matter; that I have read the foregoing, and it is true and correct to the best of my knowledge, information and belief; and that I make this Verification subject to 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

Respectfully Submitted,

LAW OFFICE OF J. CONOR CORCORAN, P.C.

Date:   March 6, 2023

By:        J. Conor Corcoran, Esquire
2601 Pennsylvania Avenue
Suite 501
Philadelphia, PA 19130
T:  (215) 735-1135
F:  (215) 735-1175
E:  conor@jccesq.com
*Attorney for Plaintiffs*

Case ID: 221102317

## <u>CERTIFICATE OF SERVICE</u>

      I, J. Conor Corcoran, hereby certify that a true and correct copy of the foregoing was sent to the following as further set forth herein:

Defendant Jamie Sorber
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA 19426
VIA FIRST CLASS MAIL

and

Defendant Dr. Stephen Weiner
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA 19426
VIA FIRST CLASS MAIL

and

Defendant John Wetzel
Philadelphia Department of Prisons
7901 State Road
Philadelphia, PA 19136
VIA FIRST CLASS MAIL

and

Defendant Commonwealth of Pennsylvania
Dept. of Corrections
SCI Phoenix
1200 Mokychic Drive
Collegeville, PA 19426

VIA FIRST CLASS MAIL

and

Defendant Wellpath, LLC
600 N. 12th Street
Suite 100
Lemoyne, PA 17043
VIA FIRST CLASS MAIL

Case ID: 221102317

Respectfully Submitted,

LAW OFFICE OF J. CONOR CORCORAN, P.C.

Date:   March 6, 2023         By:         J. Conor Corcoran, Esquire
                                          2601 Pennsylvania Avenue
                                          Suite 501
                                          Philadelphia, PA 19130
                                          T:  (215) 735-1135
                                          F:  (215) 735-1175
                                          E:  conor@jccesq.com
                                          *Attorney for Plaintiffs*

Case ID: 221102317



*Filed and Attested by the
Office of Judicial Records
06 MAR 2023 02:30 pm
E. HAURIN*

# EXHIBIT A

Case ID: 221102317

**COMMONWEALTH OF PENNSYLVANIA • DEPARTMENT OF HEALTH**

## VITAL RECORDS

WARNING: IT IS ILLEGAL TO DUPLICATE THIS COPY BY PHOTOSTAT OR PHOTOGRAPH

# Certification of Death

Disposition Permit Number: **E308767**

State File Number: **438841-2020**

Decedent's Legal Name:
**Carl Milton Cooper**

Date of Death:
**December 26, 2020**

Alias:

Social Security Number:
**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**

Sex:
**Male**

Age:
**71 Years**

Date of Birth:
**December 21, 1949**

Birthplace:
**Philadelphia, Pennsylvania**

Ever in US Armed Forces:
**No**

Marital Status at Time of Death:
**Never Married**

Residence Address:
**1200 Mokychic Road Collegeville, Pennsylvania 19426**

Surviving Spouse's Name:

Residence County: **Montgomery**

Father / Parent's Name:
**William Lee**

Mother / Parent's Name:
**Mildred Cooper**

Informant's Name:
**Beverly Cooper**

Informant's Relationship to Decedent:
**Sister**

Place of Death:
**Hospital-Inpatient**

City or Town, State, and Zip Code:
**East Norriton, Pennsylvania 19403**

**Einstein Medical Center Montgomery**

County of Death: **Montgomery**

Method of Disposition:
**Burial**

Place of Disposition:
**Friends South Western Burial Ground**

Location of Disposition:
**Upper Darby, Pennsylvania 19082**

Date of Disposition:
**December 30, 2020**

Time of Death:
**10:23 AM**

Name and Address of Funeral Facility: **Lenwood Jones Funeral Home**
**5911 W Girard Avenue Philadelphia, Pennsylvania 19151**

Funeral Director:
*Tiffanie C Wood (Electronically Signed)*

PART I. Cause of Death:

Approximate Interval: Onset to Death

Immediate Cause → a. **PNEUMONIA** — 18 DAYS

b. **COVID-19 INFECTION** — 18 DAYS

c. <<<>>> — <<<>>>

d. <<<>>> — <<<>>>

PART II. Other Significant Conditions Contributing to Death:

**CHRONIC OBSTRUCTIVE PULMONARY DISEASE**

Was an Autopsy Performed? **No**

Were Autopsy Findings Available to Complete Cause of Death? **Unrecorded**

Date of Injury:

Time of Injury:

Place of Injury:

Injury at Work:

Location of Injury:

Describe How Injury Occurred:

If Transportation Injury, Specify:

Did Tobacco Use Contribute to Death?
**Unrecorded**

Pregnant at Time of Death:
**Not Applicable**

Manner of Death:
**Natural**

Hispanic Origin:
**Not Spanish/Hispanic/Latino**

Education:
**High School graduate or GED completed**

Decedent's Race:
**Black or African American**

Usual Occupation: **Maintenance**

Kind of Business/Industry: **Automotive**

Certifier's Name & Title: *Alexander J Balacki ME|Coroner (Electronically Signed)*
Address: **1430 Dekalb Street Norristown, Pennsylvania 19404**
Date Certified: **December 28, 2020**

Registrar's Name/District Number: *Cynthia J Karr (Electronically Signed)* — 23-236
Date Filed: **December 28, 2020**

This is to certify that this is a true copy of the record which is on file in the Pennsylvania Department of Health, in accordance with the Vital Statistics Law of 1953, as amended.

*Audrey C. Marrocco*
Audrey C. Marrocco
State Registrar

THE DOCUMENT FACE CONTAINS A YELLOW BACKGROUND AND EMBOSSED SEAL
THE BACK CONTAINS SPECIAL LINES WITH TEXT

H105.105.1D Rev. (03/2020)

WARNING: THIS DOCUMENT IS PRINTED ON SECURITY WATERMARKED PAPER
DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATERMARK.

0005803686

DETACH HERE        TEAR AT THIS PERFORATION        DETACH HERE

CONOR CORCORAN
1500 JFK BLVD STE 620
PHILADELPHIA, PENNSYLVANIA 19102-1744

Order Number: **20210103855**



Case ID: 221102317

# Commonwealth of Pennsylvania
## Department of Health



### Division of Vital Records

The information appearing on the Certification of Birth is transcribed from the original birth certificate as filed with the Division of Vital Records. The Division of Vital Records reserves the right to accept or reject any correction.

**Instructions to Correct Birth Certificate:**

Complete the affidavit form below in the presence of a Notary Public. Upon receipt and review of the documentation and notarized affidavit, the Division of Vital Records will determine if the correction can be processed.

An original document that supports the correction(s) requested must be submitted, such as marriage record, baptismal record, school record, military record, etc.

The person(s) requesting the correction must include with the notarized affidavit a clear copy of his/her valid government issued photo ID that verifies his/her name and current mailing address. Examples of acceptable identification are a state issued driver's license or non-driver photo ID that verifies the name and current address. If possible, enlarge photo ID on copier by at least 150%. If you do not possess photo ID that verifies your current mailing address, you may submit two documents that do verify the address such as lease agreement, utility bills, pay stub, bank statement, credit card statement, etc.

Mail completed affidavit form, documents and photo ID to:

Division of Vital Records
P.O. Box 1528
New Castle, PA 16103
(724) 656-3100

For additional information, visit our website at www.health.pa.gov/MyRecords/Certificates





| DATA | ORIGINAL RECORD NOW READS | CORRECTION(S) DESIRED (print full names, dates, other) | | | |
|---|---|---|---|---|---|
| NAME AT BIRTH | | First | Middle | Last | Suffix |
| DATE OF BIRTH | | | | | |
| SEX | | | | | |
| FATHER/PARENT | | First | Middle | Last | Suffix |
| MOTHER/PARENT | | First | Middle | Last | Suffix |
| OTHER ERROR | | | | | |
| OTHER ERROR | | | | | |

| SIGNATURE OF FATHER/PARENT | PRESENT ADDRESS STREET | | |
|---|---|---|---|
| SIGNATURE OF MOTHER/PARENT | CITY | STATE | ZIP CODE |
| SIGNATURE OF PERSON NAMED ON RECORD | PHONE NUMBER (        ) | | |

| TO BE COMPLETED BY NOTARY PUBLIC ONLY | Notary Instructions: |
|---|---|
| State of ___<br>Signed and sworn to before me<br>this ___ (Day) of ___ (Month), ___ 20___<br>Print name of person(s) appearing before the Notary Public<br>1.<br>2.<br>Signature of Notary Public<br><br>Address of Notary Public<br><br>My commission expires ___<br><br>Notary Stamp and/or Seal | Use BLUE or BLACK INK for **all** signatures and/or the notary stamp.<br><br>Do not notarize if there are any alterations, such as: scratch out, correction fluid, write-over or erasure.<br><br>Do not notarize unless signed by subject (or parent(s) if under age 18) in the presence of the Notary.<br><br>Complete **all** items in the Notary section and affix your notary stamp and/or seal. |

Case ID: 221102317



*Filed and Attested by the*
*Office of Judicial Records*
*06 MAR 2023 02:30 pm*
*E. HAURIN*

# EXHIBIT B

Case ID: 221102317

| Subject | **Outgoing Fax to 17177878242** |
| From | <DoNotReplyNotify@vonagebusiness.com> |
| To | <conor@jccesq.com> |
| Date | 2021-02-24 11:44 |



- fax_document_70767_12157351175_1614192195762.pdf (~142 KB)

| **VONAGE BUSINESS FAX DETAILED DELIVERY REPORT** | |
|---|---|
| **Attention** | Conor Corcoran <conor@jccesq.com> |
| **Job Number** | |
| **Sent By User** | Conor Corcoran <conor@jccesq.com> |
| **Entered Vonage System** | 02/24/2021 01:43PM |
| **Report Generated** | 02/24/2021 01:44PM |
| **Billing Code** | 70767 |
| **Subject** | |
| **Page Count** | 2 (including cover sheet) |

| SUMMARY | | |
|---|---|---|
| **Sent: 2** | **Errors:** | **Cancelled:** |
| **Total: 2** | | |

| Destination | Status | Date | Time | Num. Retries |
|---|---|---|---|---|
| 17177878242 | SENT | 02/24/2021 | 01:44PM | |



Case ID: 221102317

**LAW OFFICE OF J. CONOR CORCORAN, P.C.**
**1500 JOHN F. KENNEDY BOULEVARD**
**SUITE 620**
**PHILADELPHIA, PENNSYLVANIA 19102**
**(215) 735-1135**
**FAX:  (215) 735-1175**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**TELECOPIER TRANSMISSION COVER PAGE**

TO:    Josh Shapiro, Esq.

FROM:  J. Conor Corcoran, Esquire

DATE:  2/24/2021

TELECOPY # OF RECEIVING PARTY:  717-787-8242

NUMBER OF PAGES INCLUDING COVER PAGE:    2

COMMENTS:        Enclosed claim/Notice of Suit
                 Beverly Cooper & the Estate of Carl Cooper v. Comm. of PA
                 Date of Loss:  December 26, 2020, SCI Phoenix/Einstein Medical
                 **NOTICE OF INTENTION TO FILE SUIT AGAINST**
                 **COMMONWEALTH**

TELECOPY SENT BY:  J. Conor Corcoran, Esquire

IF YOU DO NOT RECEIVE ANY OF THE FOLLOWING PAGES, PLEASE CONTACT THE LAW OFFICES OF J. CONOR CORCORAN, ESQUIRE (215-735-1135).  THANK YOU.

Confidentiality Note:  The documents accompanying this telecopy transmission contain information from the Law Offices of J. Conor Corcoran, P.C. which is confidential and/or legally privileged.  The information is intended only for the use of the individual or entity named on this transmission sheet.  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopy information is strictly prohibited, and that the documents should be returned to the Law Offices of J. Conor Corcoran, P.C., immediately.  In this regard, if you have received this telecopy in error, please notify this office by telephone immediately so that we can arrange for the return of the original document to us at no cost to you.

Case ID: 221102317

# LAW OFFICE OF J. CONOR CORCORAN, P.C.

1500 JOHN F. KENNEDY BOULEVARD
SUITE 620
PHILADELPHIA, PENNSYLVANIA 19102

TELEPHONE (215) 735-1135
FAX (215) 735-1175

February 24, 2021

Josh Shapiro, Esq.
Attorney General of Pennsylvania
16th Floor, Strawberry Square
Harrisburg, PA 17120

VIA FIRST CLASS MAIL
AND FAX:  717-787-8242

Re:   Beverly Cooper & the Estate of Carl Cooper v. Comm. Of PA, Dept. of Corrections, et al
      Date of Loss:  December 26, 2020, SCI Phoenix/ Einstein Medical Center
      **NOTICE OF INTENTION TO FILE SUIT AGAINST COMMONWEALTH**

Dear Mr. Shapiro:

Please be advised that this office represents Beverly Cooper and the Estate of Carl Cooper, who was killed by the Covid-19 virus, while serving a life sentence at SCI Phoenix.

It is my understanding that Mr. Cooper had contracted the virus because of the failures of SCI Phoenix to keep him healthy and safe, despite the knowledge that Mr. Cooper suffered from a pre-existing COPD condition.  After infection, Mr. Cooper was transferred to Einstein Medical Center in Montgomery County, where he died on December 26, 2020.

Pursuant to 42 Pa.C.S.A § 5522, this letter is to serve as notice of an intention to file suit against the Commonwealth of Pennsylvania levying allegations of wrongful death, survivorship, battery, negligence, and/or medical malpractice.

Would you be so kind as to contact my office upon receipt of this letter?  I would like to forward as much information to you concerning this accident as I can, before filing suit, though I am still in the process of collecting discovery.  I expect the settlement demand will be in excess of $1,000,000.

Thank you for your gracious attention to this matter.

Sincerely yours,

J. CONOR CORCORAN

CONOR@JCCESQ.COM
WWW.JCCESQ.COM