```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BEVERLY COOPER, ET AL.          :        CIVIL ACTION
                                :
          v.                    :
                                :
JOHN WETZEL, ET AL.             :        NO. 23-1314
```

MEMORANDUM

Bartle, J.                                          May 17, 2023

Plaintiff Beverly Cooper, individually and as the Administratrix of the Estate of Carl M. Cooper, Deceased originally filed this action in the Court of Common Pleas of Philadelphia County against defendants John Wetzel, Jamie Sorber, Dr. Stephen Weiner, the Commonwealth of Pennsylvania and/or its Department of Corrections, and Wellpath, LLC. Plaintiff alleges that decedent, an inmate at the State Correctional Institution – Phoenix died on December 26, 2020 from dual exposure to both COVID-19 virus and pneumonia. She brings claims under the Pennsylvania Wrongful Death and Survival Statutes as well as claims for negligence, negligent hiring, negligent supervision, and negligence – medical malpractice.

The defendants Wellpath LLC and Dr. Stephen Weiner[1] timely removed this action under 28 U.S.C. § 1441(a) on the asserted ground that they are immune from suit under the Federal Public Readiness and Emergency Preparedness Act ("PREP Act"),

---

[1] Wellpath states that Dr. Weiner is now deceased.

42 U.S.C. §§ 247d-6d et seq.  They also rely on 28 U.S.C. § 1442(a)(1) for removal on the ground there is a "federal interest in enforcement of federal law through federal officials."  Before the court is plaintiff's motion to remand to the state court pursuant to 28 U.S.C. § 1447(c).  She argues that there is no basis for federal subject matter jurisdiction.

The PREP Act protects certain individuals and entities from lawsuits if the Secretary of Health and Human Services declares a public health emergency.  In March 2020, the Secretary promulgated such a declaration as a result of COVID-19.  That declaration continued in effect for all times relevant to this lawsuit.

Pursuant to the declaration, covered persons and entities were granted "immunity" from "any claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure."  42 U.S.C. § 247d-6d(a)(2)(B).  Immunity broadly encompasses any claim for a loss that has a causal relationship "with the design, development, clinical testing or investigation, manufacture, labeling, distribution, formulation, packaging, marketing, promotion, sale, purchase, donation, dispensing, prescribing, administration, licensing, or use of such countermeasure."  Id.

The PREP Act, however, contains an exception to immunity in one narrow circumstance.  It provides for "an

-2-

exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct." § 247d-6d(d)(1).  The Act sets a high bar.  It defines willful misconduct as "an act or omission that is taken (i) intentionally to achieve a wrongful purpose; (ii) knowingly without legal or factual justification; and (iii) in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit."  § 247d-6d(c)(1)(A).  The Act adds that willful misconduct "shall be construed as establishing a standard for liability that is more stringent than a standard of negligence in any form or recklessness."  § 247d-6d(c)(1)(B).

The first step in determining the propriety of removal based on federal question jurisdiction under § 1441(a) is the review of the complaint itself.  Removal on this basis is generally permissible only if a federal claim for relief is alleged on the face of the pleading.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  The existence of a federal defense to state law claims is ordinarily not sufficient to allow removal.  Dukes v. U.S. Healthcare, Inc., 57 F.3d 350, 353 (3d Cir. 1995).  In this case, plaintiff has crafted her complaint to allege only causes of action under Pennsylvania statutes and common law.  There are no federal claims.  While

defendants may assert immunity under the PREP Act as a defense, removal cannot be had on this basis.

Nonetheless, removal is authorized when complete preemption applies. Complete preemption occurs when the complaint encompasses claims that Congress intends to be within the exclusive domain of a federal statute even though the complaint does not reference federal law. As noted by our Court of Appeals, the Supreme Court only three times has held that Congress has intended complete preemption. Those occasions are triggered when the claims involve the subject matter of Labor Management Relations Act ("LMRA"), the Employee Retirement Income Security Act ("ERISA"), or the National Bank Act. See Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557 (1968); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1 (2003); Maglioli v. Alliance HC Holdings, LLC, 16 F.4th 393 (3d Cir. 2021). None of plaintiff's claims is encompassed within any of these statutes.

The LMRA, ERISA, and the National Bank Act do not specifically provide that state law is completely preempted. The Supreme Court inferred this status predicated on the all-enveloping nature of these statutes. The PREP Act is more straightforward in that it contains an explicit provision for exclusive federal jurisdiction where plaintiff alleges willful misconduct causing death or serious physical injury. In other

-4-

words, the Act expressly signals complete preemption but only under this limited situation.  See Maglioli, 16 F.4th at 409-11.

Plaintiff avers in her complaint that defendants engaged in outrageous conduct and reckless indifference to the rights of another.  She also seeks punitive damages.  Under the PREP Act, willful misconduct requires, among other criteria, that the act or omission be "intentional to achieve a wrongful purpose" and "knowingly without legal or factual justification." § 247d-6d(c)(1)(A).  The Act makes clear that the standard for liability "is more stringent than a standard of negligence in any form or recklessness." § 247d-6d(c)(1)(B).  The liability averments and request for punitive damages in the complaint simply do not rise to the level needed to meet the high standard for exclusive federal jurisdiction under the Act.  Maglioli, 16 F.4th at 411-12.  Thus, removal on this ground fails.

Defendants also argue that removal under 28 U.S.C. § 1442(a)(1) is warranted on the ground that federal officers are implicated. Section 1442(a)(1) allows for removal if the action is against or directed to the United States, an agency or officer of the United States, or any person acting under that officer "for or relating to any act under color of such office."

The complaint does not name the United States or any agency or officer of the United States as a defendant.  The defendants are: (1) the Commonwealth of Pennsylvania or its

Department of Corrections; (2) a state and a local prison official; and (3) Wellpath, LLC and a physician employed by Wellpath.  Wellpath is an organization with which the Commonwealth contracts to provide healthcare services to inmates at its prisons.  Nor is any defendant alleged to have acted under the United States, its agencies, or its officers.  See Maglioli, 16 F.4th at 404-05.  The Commonwealth and its state and local officials and contractors who are responsible for the treatment and care of persons suffering from COVID-19 in state and local prisons are not acting under a federal officer.  See id.  Accordingly, removal cannot take place under § 1442(a)(1).

This action will be remanded to the Court of Common Pleas of Philadelphia County on the ground that federal subject matter jurisdiction does not exist.